# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex, | Case No. 2:26-cv-00628-JAD-DJA |
| Plaintiff, | |
| v. | **Order<br>and<br>Report and Recommendation** |
| 168 Emerald, LLC, et al., | |
| Defendants. | |

Mr. Clayton-M. Bernard-Ex is proceeding in this action *pro se* and originally filed two sets of papers in the Court, attempting to open a new case. Those papers were filed and opened as two separate cases, but those cases have since been consolidated. Now pending before the Court are two identical applications to proceed *in forma pauperis* (meaning, without paying the filing fee) (ECF Nos. 1-1, 3), Bernard-Ex's notice of removal from the North Las Vegas Justice Court (ECF No. 1), and Bernard-Ex's complaint (ECF No. 3-1). Bernard-Ex has also filed a motion for Rule 11 sanctions (ECF No. 8) and a motion for judicial notice (ECF No. 11), which motions are pending before the undersigned magistrate judge.

The undersigned magistrate judge liberally construes Bernard-Ex's action as a removal and his complaint as his counterclaim. However, because Bernard-Ex has neither properly removed this action nor established this Court's subject matter jurisdiction over it, the undersigned magistrate judge recommends that the case be remanded. Given this recommendation, the undersigned denies Bernard-Ex's applications to proceed *in forma pauperis* (ECF Nos. 1-1, 3), motion for Rule 11 sanctions (ECF No. 8), and motion for judicial notice (ECF No. 11).

## I.    Magistrate judge authority.

First, the undersigned evaluates his authority to address the matter. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides

magistrate judges with the authority to "hear and determine" non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013).  By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's de novo review.  *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60.  Section 636 specifically enumerates eight different types of matters to be treated as "dispositive."  *See* 28 U.S.C. § 636(b)(1)(A)-(B).  When a matter falls outside of those expressly enumerated as dispositive, courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive.  *See, e.g.*, *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).  The Ninth Circuit has held that remanding a case to state court, while not case-dispositive, is dispositive of proceedings in federal court and is therefore beyond the authority of magistrate judges.  *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015).  As such, the undersigned will issue a report and recommendation to the assigned district judge.  *See id*.

**II.    Standards.**

Cases may be removed from state court to federal court based on the existence of federal subject matter jurisdiction.  28 U.S.C. § 1441.  The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings.  *See, e.g.*, Fed. R. Civ. P. 12(h)(3).  "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992).  "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id*.  Removing defendants bear the burden of establishing that removal is proper.  *Id*.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Removal based on federal-question jurisdiction is reviewed under the longstanding well pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule [ ] provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (internal citations and quotations omitted). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. (internal citations omitted). Moreover, counterclaims cannot be used to establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). To remove a state action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

**III.   Discussion.**

Bernard-Ex purports to have removed this action from the North Las Vegas Justice Court.[1] (ECF No. 1). He claims that he has removed this action under 28 U.S.C. §§ 1441 and 1446 and that the Court has federal question jurisdiction over the case because it involves Fair Housing Act claims and civil rights claims. (*Id.* at 1-2). He attaches, amongst other things, a

---

[1] In his notice of removal, Plaintiff references the Clark County Justice Court and Case Number 26D000248. (ECF No. 1 at 1). Plaintiff has since filed a notice of errata explaining that his reference to the Clark County Justice Court and the associated case number was erroneous and that he intended to refer to Las Vegas Township Justice Court Case No. 26EN000630. (ECF No. 4). That case number does not exist in the Las Vegas Township Justice Court. Instead, it exists in the North Las Vegas Justice Court, a matter of which the Court takes judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *abrogation on other grounds recognized by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002) (explaining that a court may take judicial notice of matters of public record).

Tenant's Affidavit in Opposition to Summary Eviction Regarding Nonpayment of Rent that he filed in the North Las Vegas Justice Court. (*Id.* at 8-11)

Bernard-Ex has also filed a complaint. (ECF No. 3-1 at 1-4). He again asserts that the Court has federal question jurisdiction over the case because it involves a Fair Housing Act claim and civil rights claims. (*Id.*). Bernard-Ex seeks damages, injunctive relief, declaratory relief, and seeks a temporary restraining order "preventing eviction pending litigation." (*Id.*). Bernard-Ex alleges that he tendered rent for February of 2026 before it was due, but his landlord (presumably 168 Emerald, LLC) refused to accept the rent. (*Id.*). So, on February 10th or 11th of 2026, 168 Emerald issued a Seven Day Notice for Bernard-Ex to pay rent and a Termination of Tenancy and Thirty Day Notice to Quit. (*Id.*). Bernard-Ex alleges that 168 Emerald did so in retaliation for a prior lawsuit that Bernard-Ex brought against it and that 168 Emerald requested an incorrect amount of rent. (*Id.*). Bernard-Ex also asserts that he has a disabled minor in the household. (*Id.*). Bernard-Ex asserts that "[f]iling this Notice of Removal triggers 28 U.S.C. § 1446(d)—automatic stay of the state eviction proceeding pending federal adjudication." (*Id.*).

A review of the North Las Vegas Justice Court docket reveals that 168 Emerald brought the eviction action against Bernard-Ex. *See 168 Emerald LLC v. Barnard-Ex*, No. 26EN000630 (North Las Vegas Justice Court). Bernard-Ex purports to be the plaintiff in his notice of removal. (ECF No. 1 at 1). But only defendants may remove state court cases to federal court. *See* 28 U.S.C. § 1441(a). The Court therefore liberally construes Bernard-Ex as the removing defendant in this action and as bringing a counterclaim against 168 Emerald[2] by virtue of his complaint.

However, Bernard-Ex's removal is not proper. Under 28 U.S.C. § 1446(a), a notice of removal must include a copy of all process, pleadings, and orders served upon the removing

---

[2] It is not clear if Bernard-Ex also brings claims against Lydia Cummings and Emily Molina. Bernard-Ex includes these two individuals in the caption of his notice of removal as defendants. (ECF No. 1 at 1). But he does not name them in his complaint. (ECF No. 3-1 at 1). Molina does appear on the state court docket, while Cummings is listed as an agent for the plaintiff/landlord. *See 168 Emerald LLC v. Barnard-Ex*, No. 26EN000630 (North Las Vegas Justice Court). Nonetheless, Bernard-Ex's naming of these individuals in one of his captions does not change the undersigned's analysis that the Court lacks subject matter jurisdiction over this action.

defendant.  But the only state court document that Bernard-Ex attaches is his affidavit in opposition to 168 Emerald's summary eviction along with documents that it appears that *he* filed in state court or attached to his affidavit.  Bernard-Ex's failure to provided the required pleadings prevents the Court from determining what federal law is at issue in this action.  And Bernard-Ex's unsupported and conclusory counterclaims that 168 Emerald has violated the Fair Housing Act and has violated Bernard-Ex's civil rights cannot be used as a basis for federal question jurisdiction.  *See Vaden v. Discovery Bank*, 556 U.S. 49, 59-61 (2009) (explaining that a federal counterclaim does not establish jurisdiction under 28 U.S.C. § 1331).

Even if Bernard-Ex properly removed the case, the Court would lack subject matter jurisdiction.  Although the Court cannot review the complaint and therefore cannot determine any federal law at issue, it appears from Bernard-Ex's filings and from the North Las Vegas Justice Court docket that the underlying complaint is one for eviction.  A claim for eviction is a matter of landlord-tenant law, which arises under state law and therefore cannot form the basis for federal question jurisdiction.  *See Cabos v. Ross*, No. 2:16-cv-00817-GMN-GWF, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016) (explaining that "[b]ecause landlord-tenant disputes are matters of state law they cannot form the basis for federal question jurisdiction"); *see Belval v. Walgreen's*, No. 2:16-cv-00893-JCM-GWF, 2017 WL 6063063, at *2 (D. Nev. Dec. 7, 2017) (same); *see Round Valley Indian Housing Authority v. Hunter*, 907 F.Supp. 1343, 1348 (N.D. Cal. 1995) (same); *see Evans v. Sentry Property Management Corp.*, 852 F.Supp. 71. 72 (D. Mass. 1994) (same).  Therefore, Bernard-Ex has not provided a jurisdictional basis for removal because an action for eviction facially fails to raise a federal question.  *See* 28 U.S.C. § 1331.  Bernard-Ex does not purport to remove this action on the basis of diversity jurisdiction, but even if he did, he does not identify the citizenship of the parties or the amount in controversy.  *See* 28 U.S.C. § 1332.  The undersigned therefore recommends that Bernard-Ex's case be remanded for lack of subject matter jurisdiction.  Given this recommendation, the undersigned further denies Bernard-Ex's applications to proceed *in forma pauperis* (ECF Nos. 1-1, 3) and his motions pending before the undersigned (ECF Nos. 8, 11).

///

**IT IS THEREFORE ORDERED** that Bernard-Ex's applications to proceed *in forma pauperis* (ECF Nos. 1-1, 3), motion for Rule 11 sanctions (ECF No. 8), and motion for judicial notice (ECF No. 11) are **denied**

**IT IS THEREFORE RECOMMENDED** that this case be **remanded** for lack of subject matter jurisdiction.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: April 13, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE