**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

168 Emerald, LLC, et al.,

      Plaintiffs/Counter-defendants

v.

Clayton-M. Bernard-Ex,

      Defendant/Counterclaimant

Case No.: 2:26-cv-00628-JAD-DJA

**Order Overruling Objections to the Magistrate Judge's Order, Denying all Pending Motions, and Remanding Case Back to State Court**

[ECF Nos. 6, 13, 15, 16, 17, 25, 26, 29, 30]

Clayton-M. Bernard-Ex initiated this action by filing a notice of removal of his state-court eviction proceedings.[1]  Once the case got to federal court, and despite being the defendant in the removed state-court action, he filed a complaint alleging violations of the Fair Housing Act.[2]  The magistrate judge "liberally construe[d] Bernard-Ex's action as a removal and his complaint as a counterclaim" then recommended that the case be remanded to state court because it was not properly removed and this court lacks subject-matter jurisdiction over it.[3]  Bernard-Ex objects, contending that he alleged a civil-rights violation in his complaint, so this court must have federal-question jurisdiction over his case.[4]  I review the magistrate judge's report and recommendation de novo.[5]

    Bernard-Ex initiated this case by attempting to remove his state-court eviction action. When removal creates a new federal case, the complaint in the state-court action becomes the

---

[1] ECF No. 1.

[2] ECF No. 3-1.

[3] ECF No. 13 at 1.

[4] ECF Nos. 15, 29.

[5] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b).

operative pleading.  Here, the eviction complaint filed by the state-court plaintiffs is the operative complaint, so the federal question "must be disclosed on the face of [that] complaint, unaided by the answer or by the petition for removal," for federal jurisdiction to exist.[6]  Bernard-Ex's later-filed "complaint" then must be construed as a counterclaim.  And the law is clear that a counterclaim cannot establish federal jurisdiction if the operative complaint itself does not.[7]

Bernard-Ex has not shown that the eviction complaint brought against him establishes federal jurisdiction.[8]  He claims that his case involves violations of federal law, but he does not attach the state-court complaint to show that federal claims were brought in *that pleading*, which is the only one that matters to the jurisdiction question in this case.  Because there cannot be two operative pleadings in a case and Bernard-Ex chose to initiate this action through a notice of removal, his later-filed counter-complaint and the civil-rights claims it contains cannot establish federal jurisdiction over this case as a matter of law.  If Bernard-Ex wishes to file a lawsuit alleging violations of his federal rights stemming from his eviction proceedings, he must initiate a new lawsuit with the filing of a complaint, not a notice of removal.  Because removal was improper, I overrule Bernard-Ex's objections and adopt the magistrate judge's opinion in its entirety.

**Conclusion**

IT IS THEREFORE ORDERED that Bernard-Ex's objections to the magistrate judge's report and recommendation **[ECF Nos. 15, 29] are OVERRULED** and the recommendation

[6] *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)).

[7] *See Vaden v. Discovery Bank*, 556 U.S. 49, 59–61 (2009).

[8] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

**[ECF No. 13] is ADOPTED** in its entirety.  The Clerk of Court is directed to **REMAND this case back to the North Las Vegas Justice Court, Case No. 26EN000630**, along with a copy of the docket sheet and a copy of this order.

IT IS FURTHER ORDERED that Bernard-Ex's remaining motions **[ECF Nos. 6, 16, 17, 25, 26, 30] are DENIED** as moot.  This case returns to state court with no motions pending.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to CLOSE THIS CASE**.  If Bernard-Ex wishes to initiate a case about his eviction proceedings, he must do so by filing a new complaint, which will be assigned a new case number.  **Bernard-Ex may not file any further documents in this closed and remanded case**.

_____
U.S. District Judge Jennifer A. Dorsey
April 17, 2026